IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT OLLIE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1181-NJR-DGW |
| ) | |
| MARCUS HODGE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Partial Summary Judgment filed by Defendants (Doc. 53) be **GRANTED IN PART AND DENIED IN PART**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Robert Ollie, brings this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence").  Plaintiff's complaint details a number of incidents that occurred at Lawrence between April 25, 2010 and June 14, 2013.  After an initial screening by the Court, Plaintiff was allowed to proceed on the following counts:

Page **1** of **17**

Count 1: Retaliation claim against Defendants Erickson, Tanner, Childers, Eubanks, Downen, Hodge, and Storm for allowing excessive searches in response to Plaintiff's complaints;

Count 2: Fourteenth Amendment substantive due process claim against Defendants Tanner, Erickson, Childers, and Eubanks for targeting Plaintiff and other non-Caucasian inmates for excessive searches;

Count 3: Fourteenth Amendment procedural due process claim against Defendants Hodge, Storm, Goins, Erickson, Stafford, and Downen for issuing false disciplinary reports, ignoring grievances, failing to investigate grievances, or failing to conduct a complete and impartial hearing on Plaintiff's false disciplinary tickets;

Count 4: Eighth Amendment claims against Defendants Hodge, Dismore, Childers, Erickson, Tanner, and Storm for subjecting Plaintiff to unconstitutional conditions of confinement in segregation that caused health complications;

Count 5: First Amendment mail interference claim against Defendants Hodge, Storm, Downen, and Cecil for opening personal and legal mail outside of Plaintiff's presence and delaying delivery of Plaintiff's mail for 21-45 days; and

Count 6: Retaliation claim against Defendants Hodge, Storm, Stafford, Goins, Downen, and Erickson for transferring Plaintiff from Lawrence, a medium security prison, to Menard, a maximum security prison.

On August 13, 2014, Defendants filed a Motion for Partial Summary Judgment arguing that Plaintiff failed to exhaust his administrative remedies as to some defendants prior to filing this lawsuit (Doc. 53). Specifically, Defendants assert that summary judgment on the issue of exhaustion is appropriate as to: Defendants Erickson, Childers, Eubanks, Downen, and Hodge with respect to Count 1; Defendants Erickson, Childers, and Eubanks with respect to Count 2; Defendants Hodge, Storm, Erickson, Stafford, and Downen with respect to Count 3; and as to all Defendants on Counts 4, 5, and 6. Defendants do not dispute that Plaintiff exhausted his administrative remedies as to Count 1 against Defendant Tanner, Count 2 against Defendant Tanner, and Count 3 against Defendant Goins (Doc. 54, p. 3, FN1). Based on the affidavit of

Thomas S. Keen, chairperson of the Administrative Review Board ("ARB"), Defendants assert that Plaintiff did not properly file an appeal of any grievances concerning the above-named Defendants between April 25, 2010 and August, 2013. In their Motion, Defendants briefly mention grievances that were submitted on the following dates: May 2, 2011, May 28, 2011, October 27, 2011, November 17, 2011, November 19, 2011, December 27, 2011, May 18, 2012, June 18, 2012, and July 7, 2012.[1] The Court notes that Plaintiff filed a Motion to Deny Defendants' Motion for Partial Summary Judgment on September 4, 2014 (Doc. 56). The Court construes this as a response to Defendants' Motion for Partial Summary Judgment.[2] Plaintiff asserts that he has exhausted his administrative remedies and there are genuine issues of material fact that preclude summary judgment. In addition to grievances specifically mentioned by Defendants in their Motion, Defendants submitted a number of additional grievances contained in Plaintiff's file. After a review of the grievances submitted by Defendants and Plaintiff, the Court finds a number of grievances to be relevant to Plaintiff's claims in this suit. Accordingly, these grievances will be discussed in detail, as set forth below.

*May 28, 2011 Grievance*

Plaintiff's grievance dated May 28, 2011 complains of unfair treatment Plaintiff received from the Chief Administrator and the inadequate process undertaken by the adjustment

---

[1] The Court notes that Defendants' Motion is devoid of any substantive argument regarding particular grievances; rather, Defendants make conclusory statements that Plaintiff failed to mention the conduct alleged in his complaint in any of his grievances. Accordingly, the Court has reviewed the grievances submitted into evidence by Defendants and determined which grievances are relevant to the claims pending in this lawsuit.

[2] Document 56, Plaintiff's Motion to Deny Defendants Motion for Partial Summary Judgment is a response to Defendants' Motion which the Court will consider and, as such, should not be styled as a motion. Accordingly, to the extent Plaintiff filed this response as a Motion, (Doc. 56) it is **RECOMMENDED** that it be **DENIED AS MOOT**.

committee in its investigation of an altercation that occurred on March 4, 2011 between Plaintiff and another inmate (Doc. 54-2, pp. 2-3). Although the May 28, 2011 grievance was stamped "received" by the Office of Inmate Issues on June 1, 2011, there is no response from Plaintiff's counselor, the grievance officer, or the Chief Administrative Officer ("CAO"). There is also no documentation from the ARB concerning what determination was made with respect to this grievance.

*December 27, 2011 Grievance*

In his grievance dated December 27, 2011 Plaintiff complains of being punished by the adjustment committee due to false charges and unjustified claims brought by C/O Tanner (Doc. 54-2, pp. 42-43). In particular, Plaintiff complains of the process undertaken by the adjustment committee in investigating tickets written by correctional officers, indicating that the process is insufficient and biased. Plaintiff specifically mentions Lieutenant Goins and states that Goins treats the hearings as a "joke." This grievance was stamped "received" by the Office of Inmate Issues on February 16, 2012. However, it was returned to Plaintiff on February 17, 2012 due to Plaintiff's failure to provide a copy of the grievance officer's and CAO's response.

*February 23, 2012 Grievance*

This grievance, submitted by Plaintiff on February 23, 2012, complains of harassment and retaliation by Officer Tanner (Doc. 54-3, pp. 4-5). At the outset, the Court explains that a handwritten note on this grievance provides that it is a refiling of a grievance that was originally filed on December 17, 2011, but was lost in the mail. In this grievance, Plaintiff asserts that he has filed grievances regarding Officer Tanner's inappropriate conduct on various occasions and has complained of Officer Tanner's conduct to Assistant Warden Storm and Warden Hodge, but

to no avail, asserting that these Defendants have failed to respond to his complaints. Plaintiff further complains that Officer Tanner has conspired with Lieutenant Erickson and Lieutenant Goins in his harassment of Plaintiff. Plaintiff marked this grievance as an emergency; however, on February 29, 2012 the CAO determined that an emergency was not substantiated. Accordingly, Plaintiff submitted this grievance to his counselor who responded on March 22, 2012. The grievance officer then responded on June 29, 2012, finding that this grievance was a duplicate and would not be heard (Doc. 54-3, p. 6). The CAO concurred in the grievance officer's finding on July 11, 2012, and the grievance was stamped as "received" by the Office of Inmate Issues on July 17, 2012. There does not appear to be any further documentation from the ARB concerning this grievance.

*August 10, 2012 Grievance*

In his grievance dated August 10, 2012, Plaintiff complains of Officer Eubanks' conduct (Doc. 54-3, pp. 40-41). Specifically, Plaintiff complains that Eubanks continually harasses and threatens him in order to provoke a fight. Plaintiff's counselor responded to this grievance on August 27, 2012. Subsequently, the grievance officer provided his final response on April 11, 2013, and the CAO concurred with the grievance officer's determination on April 13, 2013 (Doc. 54-3, p. 38). The grievance was received by the ARB on May 20, 2013 and was returned to Plaintiff on June 17, 2013 indicating that no action would be taken as it was submitted out of the 30 day timeframe outlined in Department Rule 504 (Doc. 54-3, p. 37).[3]

---

[3] In its response, the Administrative Review Board indicates that the relevant grievance is dated April 11, 2013. The Court clarifies that the grievance the ARB was responding to was dated August 10, 2012; April 11, 2013 is the date on which the CAO provided his response to the August, 2012 grievance.

*September 10, 2012 Grievance*

In his grievance dated September 10, 2012, Plaintiff complains of the adjustment committee's hearing on Plaintiff's disciplinary ticket issued by Officer Eubanks for insolence and disobeying a direct order (Doc. 54-3, pp. 21-22). Plaintiff asserts that the adjustment committee failed to properly investigate the issuance of this ticket and Warden Hodge merely signed off on the adjustment committee's findings. Further, Plaintiff complains of Officer Eubanks' harassment and his racial bias. This grievance was responded to by Plaintiff's counselor on September 17, 2012, and the grievance officer issued his response on February 27, 2013. The warden concurred in the grievance officer's determination on March 1, 2013, and the grievance was received by the ARB on March 28, 2013. The ARB issued its final determination on this grievance on April 12, 2013.

*February 27, 2013 Grievance*

Plaintiff's grievance dated February 27, 2013 complains of Ms. Cecil's and Ms. Hopkins's mishandling and tampering of his legal mail (Doc. 54-3, pp. 15-16). Plaintiff's counselor responded to this grievance on March 6, 2013. This grievance was apparently determined to constitute an emergency by the CAO; however, there is no response by the CAO or by the grievance officer. The ARB received this grievance on March 2, 2013 and it was subsequently returned to Plaintiff on April 2, 2013 due to his failure to provide a copy of the CAO's decision and the grievance officer's response.

*July 1, 2013 Grievance*

In his grievance dated July 1, 2013, filed at Menard Correctional Center ("Menard"), Plaintiff complains of being transferred from Lawrence, a medium security facility, to Menard, a

maximum security facility (Doc. 54-3, pp. 43-44).  Plaintiff asserts that while at Lawrence the staff continuously brought false tickets against him in retaliation for his filing grievances. Plaintiff indicates that Officer Eubanks wrote him a ticket and told Plaintiff he would drop the ticket if Plaintiff dropped his grievance.  Plaintiff also states that Lieutenant Stafford told him that he wishes he could ship the troublemakers out of Lawrence and, a couple of months later, Plaintiff and several other "troublemakers" were shipped to Menard.  Plaintiff sent this grievance directly to the ARB and it was received on July 3, 2013.  On July 12, 2013 the ARB responded, indicating that institutional transfers are discretionary and non-grievable.

### *Pavey Hearing*

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on October 16, 2014.  At the hearing, Thomas Scott Keen, a chairman on the ARB, testified on behalf of Defendants.  Mr. Keen testified that Plaintiff's grievance dated December 27, 2011 was received by the ARB on February 16, 2012.  This grievance was reviewed by the ARB on February 17, 2012 and was sent back to Plaintiff on the same date with the directive to provide the counselor's response as well as the grievance officer's response with the grievance pursuant to Departmental Rule 504.  The ARB never received any further documentation related to this grievance; as such, Mr. Keen testified that Plaintiff did not complete the grievance process with respect to the grievance dated December 27, 2011.  Mr. Keen further testified that if an inmate does not receive a response to a grievance from his institution, the ARB may still consider it only if the inmate is able to prove he submitted the grievance to the grievance officer.  Mr. Keen indicated he was unsure of how an inmate could obtain such proof.  Plaintiff testified that the grievance officer or warden never returned the

December 27, 2011 grievance to him. There was no testimony specifically concerning any of the other grievances Plaintiff submitted.

Generally, Defendants asserted that Plaintiff failed to exhaust relevant grievances in this case because he skipped steps in the administrative review process. Plaintiff contended that he was forced to skip steps and appeal grievances directly to the ARB on some occasions because staff at Lawrence continually failed to respond to his grievances.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show

what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the

case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b). The grievance form shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of the complaint. *Id.* § 504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency

basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Plaintiff filed numerous grievances regarding staff conduct at Lawrence. Based on a review of the available evidence, it is apparent that Plaintiff is well-versed in the grievance process. Further, the Court finds Plaintiff's assertion that he did not always receive a response to grievances he filed credible with respect to some grievances. The Court notes that a number of grievances filed by Plaintiff complain that a previously filed grievance had been lost in the mail

and had not received a response. Nevertheless, it is apparent that Plaintiff did not properly grieve, or attempt to grieve, his complaints against each Defendant named in this lawsuit. Accordingly, the Court undertakes a review of Plaintiff's relevant grievances to determine as to which Defendants and what counts Plaintiff properly exhausted his administrative remedies.

### May 28, 2011 Grievance

It is apparent that Plaintiff failed to exhaust his May 28, 2011 grievance. This grievance, which complains of unfair treatment from the warden and the inadequate process of the adjustment committee, was never reviewed by a counselor, grievance officer, or the ARB. Further, there is no indication that Plaintiff ever attempted to submit this grievance to his counselor or grievance officer. Accordingly, the Court finds that this grievance was not exhausted prior to Plaintiff filing this suit.

### December 27, 2011 Grievance

Similarly, the Court finds that Plaintiff failed to exhaust his December 27, 2011 grievance. Plaintiff contends that he never received a response to this grievance from the grievance officer or warden. Accordingly, Plaintiff contends that he waited approximately six weeks and then sent this grievance to the ARB, which received it on February 16, 2012. This grievance is devoid not only of the grievance officer's and warden's response, but there is also no indication that it was reviewed by a counselor. Further, there is no mention that Plaintiff had filed this grievance previously, but never received a response. As such, there is no evidence that Plaintiff ever filed this grievance through his institution prior to appealing it to the ARB.

### February 23, 2012 Grievance

With respect to his February 23, 2012 grievance, the Court finds that Plaintiff properly

exhausted his administrative remedies. Although this grievance is dated February 23, 2012, Plaintiff clearly articulated that this is a refiling of a grievance that was originally filed on December 17, 2011. Plaintiff apparently had not received any response to his December 17, 2011 grievance and, assuming the original grievance was lost in the mail, refiled this grievance on February 23, 2012. Plaintiff's attempts to have this grievance reviewed were denied; as the grievance officer found that the grievance was a duplicate of Plaintiff's December 17, 2011 grievance and, therefore, would not be heard. The Court finds Plaintiff's assertion that this is a refiling of a prior grievance credible. The Seventh Circuit recognizes that an institution's failure to respond to an inmate's grievance makes the administrative review process "unavailable." *See Lewis*, 300 F.3d at 833. In this instance, it appears that the grievance process at Lawrence was unavailable to Plaintiff as the institution failed to respond to his grievance filed on December 17, 2011, and then denied his grievance filed on February 23, 2012, finding it to be a duplicate. Based on these circumstances, Plaintiff was clearly thwarted in his attempts to have this grievance heard. Accordingly, the Court finds that Plaintiff exhausted his administrative remedies regarding his February 23, 2012 grievance.

However, this grievance does not contain factual details regarding each aspect of Plaintiff's complaint in this case. Rather, the grievance complains only of the conduct of Defendants Tanner, Storm, Hodge, Erickson, and Goins. Defendant Tanner's conduct is not at issue, as Defendants' Motion concedes that Plaintiff exhausted his administrative remedies as to Defendant Tanner. Similarly, Defendants' Motion concedes that Plaintiff exhausted his administrative remedies as to Defendant Goins with respect to Count 3, the Fourteenth Amendment procedural due process claim. With respect to Defendants Storm and Hodge,

Plaintiff complains that these Defendants were informed, both by way of grievances and in-person complaints, of the ongoing harassment by Defendant Tanner, and refused to take any action. Accordingly, this grievance is sufficient to exhaust as to Defendants Storm and Hodge with respect to Count 3, Plaintiff's Fourteenth Amendment procedural due process claim. Further, Plaintiff complains that Defendant Erickson conspired with Defendant Tanner to harass Plaintiff and issue false disciplinary tickets against him. Accordingly, this grievance is also sufficient to exhaust as to Defendant Erickson with respect to Count 1, Plaintiff's retaliation claim and Count 3, Plaintiff's Fourteenth Amendment procedural due process claim.

### August 10, 2012 Grievance

The Court finds that Plaintiff properly exhausted his grievance dated August 10, 2012. After receiving a response to this grievance from his counselor and the grievance officer, Plaintiff received the CAO's decision on April 13, 2013. Plaintiff appealed the CAO's decision on April 20, 2013 and it was received by the ARB on May 20, 2013. Pursuant to Illinois Administrative Code § 504.850, an inmate may appeal a decision of the CAO within 30 days after the date of the decision. Although the Court recognizes that the ARB did not *receive* this grievance within 30 days of the date of the CAO's decision, Plaintiff apparently mailed his appeal to the ARB within seven days of the date of the CAO's decision. Section 504.850 does not provide that the ARB must *receive* the inmate's appeal within 30 days; rather, it states that an inmate *may appeal* a decision within 30 days. Defendants did not provide any evidence that Plaintiff did not mail his appeal on April 20, 2013, the date indicated on his grievance. Accordingly, the Court finds that Plaintiff attempted to comply with the Illinois Administrative Code, although the ARB declined to provide a response on the merits.

As mentioned previously, this grievance details the conduct of Defendant Eubanks. Specifically, Plaintiff avers that Defendant Eubanks continually harasses and threatens him. Although not stated as clearly as it could be, the Court finds that Plaintiff's grievance dated August 10, 2014 is sufficient to exhaust his retaliation claim (Count 1) and substantive due process claim (Count 2) against Defendant Eubanks.

### September 10, 2012 Grievance

This grievance was clearly exhausted. Plaintiff's counselor provided a response to this grievance on September 17, 2012, which response was timely appealed to the grievance officer. Further, following the CAO's decision on March 1, 2013, Plaintiff filed a timely appeal to the ARB which provided its final determination on April 12, 2013.

Accordingly, this grievance sufficiently exhausts against Defendant Warden Hodge with respect to Count 3, Plaintiff's procedural due process claim and against Defendant Eubanks with respect to Count 1 and Count 3.

### February 27, 2013 Grievance

Plaintiff's February 27, 2013 grievance was not properly exhausted. Although Plaintiff received a response from his counselor and subsequently appealed the decision to the ARB, Plaintiff failed to receive a response from the grievance officer and CAO prior to making such an appeal.

### July 1, 2013 Grievance

Plaintiff properly exhausted his administrative remedies with respect to his July 1, 2013 grievance. In this grievance, Plaintiff complains of events occurring at Lawrence after he had been transferred to Menard. Accordingly, as prescribed by the Illinois Administrative Code,

under these circumstances Plaintiff must submit his grievance directly to the ARB. ILL. ADMIN. CODE TIT. 20, § 504.870(a). The ARB provided a final response to this grievance on July 12, 2013, effectively exhausting Plaintiff's administrative remedies.

The content of the July 1, 2013 grievance pertains to the general allegations in Count 6 of Plaintiff's suit. Accordingly, this grievance is sufficient to exhaust as to all Defendants named in Count 6, alleging retaliation.

## RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion for Partial Summary Judgment filed by Defendants (Doc. 53) be **GRANTED IN PART AND DENIED IN PART**; that Defendants Childers, Downen, Hodge, and Storm be **DISMISSED** from Count 1; that Defendants Erickson and Childers be **DISMISSED** from Count 2; that Defendants Stafford and Downen be **DISMISSED** from Count 3; that Count 4 be **DISMISSED** as against all Defendants; and that Count 5 be **DISMISSED** as against all Defendants.

If this Report and Recommendation is adopted by District Judge Nancy J. Rosenstengel, the following counts will remain pending:

**Count 1:** Retaliation claim against Defendants Erickson, Tanner, and Eubanks for allowing excessive searches in response to Plaintiff's complaints;

**Count 2:** Fourteenth Amendment substantive due process claim against Defendants Tanner and Eubanks for targeting Plaintiff and other non-Caucasian inmates for excessive searches;

**Count 3:** Fourteenth Amendment procedural due process claim against Defendants Hodge, Storm, Goins, and Erickson for issuing false disciplinary reports, ignoring grievances, failing to investigate them, or failing to conduct a complete and impartial hearing on Plaintiff's false disciplinary reports;

**Count 6:** Retaliation claim against Defendants Hodge, Storm, Stafford, Goins, Downen, and Erickson for transferring Plaintiff from Lawrence, a medium security

prison, to Menard, a maximum security prison.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 9, 2015**

                                                    **DONALD G. WILKERSON**
                                                    **United States Magistrate Judge**