IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT OLLIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV- 1181-NJR-DGW |
| | ) |
| MARCUS HODGE, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 70), which recommends granting in part and denying in part Defendants' Motion for Partial Summary Judgment on the issue of exhaustion (Doc. 53). The Report and Recommendation was entered on February 9, 2015. No objections have been filed.

Plaintiff Robert Ollie filed this action on November 18, 2013, asserting violations of his First, Eighth, and Fourteenth Amendment rights between April 25, 2010, and June 14, 2013, while he was incarcerated at Lawrence Correctional Center. Plaintiff named eleven Lawrence officials as defendants, including Marcus Hodge, Jerry Tanner, Mark Storm, Russell Goins, Terry Childers, Bruce Eubanks, S. Erickson, Brad Stafford, Daniel Downen, R. Dismore, and M. Cecil. The following claims survived threshold review:

Count 1: Plaintiff's retaliation claim against Defendants Erickson, Tanner, Childers, Eubanks, Downen, Hodge, and Storm for allowing

        excessive searches in response to Plaintiff's complaints;

Count 2: Plaintiff's Fourteenth Amendment substantive due process claim against Defendants Tanner, Erickson, Childers, and Eubanks for targeting Plaintiff and other non-Caucasian inmates for excessive searches;

Count 3: Plaintiff's Fourteenth Amendment procedural due process claim against Defendants Hodge, Storm, Goins, Erickson, Stafford, and Downen for issuing false disciplinary reports, ignoring grievances, failing to investigate grievances, or failing to conduct a complete and impartial hearing on Plaintiff's false disciplinary tickets;

Count 4: Plaintiff's Eighth Amendment claims against Defendants Hodge, Dismore, Childers, Erickson, Tanner, and Storm for subjecting Plaintiff to unconstitutional conditions of confinement in segregation that caused health complications;

Count 5: Plaintiff's First Amendment mail interference claim against Defendants Hodge, Storm, Downen, and Cecil for opening personal and legal mail outside of Plaintiff's presence and delaying delivery of Plaintiff's mail for 21-45 days; and

Count 6: Plaintiff's retaliation claim against Defendants Hodge, Storm, Stafford, Goins, Downen, and Erickson for transferring Plaintiff from Lawrence, a medium security prison, to Menard, a maximum security prison.

(*See* Doc. 6).

On August 13, 2014, Defendants moved for partial summary judgment arguing that Plaintiff failed to exhaust his administrative remedies as to some Defendants and some claims prior to filing this lawsuit (Doc. 53). Defendants conceded that Plaintiff exhausted his administrative remedies as to Count 1 against Defendant Tanner, Count 2 against Defendant Tanner, and Count 3 against Defendant Goins (*See* Doc. 54, p.3, FN1). Defendants rely on the affidavit of Thomas S. Keen, Chairperson of the Administrative Review Board ("ARB"), to assert that Plaintiff failed to properly file an appeal of

grievances concerning the remaining Defendants between April 25, 2010, and August 2013. Plaintiff filed a "Motion to Deny Defendants' Motion for Partial Summary Judgment," (Doc. 56), which has been construed as a response to the Defendants' motion for summary judgment. Plaintiff asserts that he exhausted his administrative remedies and that genuine issues of material fact exist which preclude summary judgment (Doc. 56).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' Motion on October 16, 2014. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 70). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part). However, where neither timely nor

specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

While a *de novo* review is not required here, the Court has carefully examined the evidence and fully agrees with the detailed findings, analysis, and conclusions of Magistrate Judge Wilkerson. In the Report and Recommendation, Magistrate Judge Wilkerson judiciously outlined the documentary and testimonial evidence regarding each of the seven grievances submitted by Plaintiff. Moreover, Judge Wilkerson thoroughly discussed his conclusions with respect to the claims exhausted by Plaintiff during the administrative process. The Court fully agrees with the findings, analysis and conclusions of Magistrate Judge Wilkerson regarding the issue of exhaustion.

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 70). Defendants' Motion for Partial Summary Judgment (Doc. 53) is **GRANTED IN PART and DENIED IN PART.** Plaintiff's Motion to Deny Defendants' Motion for Partial Summary Judgment (Doc. 56) is **DENIED as moot.** Defendants Childers, Dismore, and Cecil are **DISMISSED without prejudice** from this action. Additionally, Defendants Downen, Hodge, and Storm are **DISMISSED without prejudice** from Count 1; Defendants Erickson is **DISMISSED without prejudice** from Count 2; Defendants Stafford is **DISMISSED without prejudice** from Count 3; Count 4 and Count 5 of Plaintiff's Complaint are **DISMISSED without prejudice** in their entirety for failure to exhaust administrative remedies. The following claims remain pending before the Court:

Count 1: Retaliation claim against Defendants Erickson, Tanner, and Eubanks for allowing excessive searches in response to Plaintiff's complaints;

Count 2: Fourteenth Amendment substantive due process claim against Defendants Tanner and Eubanks for targeting Plaintiff and other non-Caucasian inmates for excessive searches;

Count 3: Fourteenth Amendment procedural due process claim against Defendants Hodge, Storm, Goins, and Erickson for issuing false disciplinary reports, ignoring grievances, failing to investigate them, or failing to conduct a complete and impartial hearing on Plaintiff's false disciplinary reports; and

Count 6: Retaliation claim against Defendants Hodge, Storm, Stafford, Goins, Downen, and Erickson for transferring Plaintiff from Lawrence, a medium security facility, to Menard, a maximum security facility.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 20, 2015**

/s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**