IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT OLLIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1181-NJR-DGW |
| | ) | |
| MARCUS HODGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the following motions pending in this matter:

1. Motion for Copy of Transcript filed by Plaintiff, Robert Ollie, on December 18, 2014 (Doc. 67);

2. Motion to Compel Production of Documents and Interrogatories filed by Plaintiff, Robert Ollie, on February 18, 2015 (Doc. 71);

3. Motion to Strike Plaintiff's Motion to Compel filed by Defendants on March 2, 2015 (Doc. 74); and

4. Motion for Extension of Time to Complete Discovery filed by Defendants on March 24, 2015 (Doc. 79).

**Motion for Copy of Transcript (Doc. 67)**

In the motion before the Court, Plaintiff seeks a copy of the transcript of the hearing held pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) before the Court on October 16, 2014. 28 U.S.C. § 753(f) provides that a transcript may be prepared, at the government's expense, "to persons permitted to appeal in forma pauperis … if the trial judge or a circuit judge certifies that the appeal is not frivolous." In this case, although Plaintiff is proceeding *in forma pauperis*, there is no statutory authority that would allow this Court to furnish a copy of the transcript of the

October 16, 2014 proceedings, as Plaintiff has not indicated he is attempting to appeal any decision of this Court related to the Pavey Hearing. As such, Plaintiff's Motion for Copy of Transcript (Doc. 67) is **DENIED**. Plaintiff is **ADVISED** that he may acquire a copy of the transcript, after tendering payment, by contacting the Court Reporter, Molly Clayton, 750 Missouri Avenue, Melvin Price Courthouse, East St. Louis, IL 62201.

### Motion to Compel (Doc. 71) and Motion to Strike (Doc. 74)

Plaintiff filed a motion to compel asking the Court to order Defendants to produce "all the remaining previously requested documents, interrogatories, surveillance camera footage and any and all internal affairs reports" (Doc. 71). In his motion, Plaintiff delineates seven discovery requests he alleges he propounded on Defendants that he claims Defendants have not provided a sufficient response to. Plaintiff did not provide a copy of his written discovery requests or Defendants' responses with his motion.

In response to Plaintiff's motion to compel, Defendants filed a motion asking the Court to strike Plaintiff's motion (Doc. 74). Defendants assert that Plaintiff failed to confer, or attempt to confer, with them in an effort to obtain the requested information and further state that Plaintiff failed to attach a copy of the discovery documents and responses that are the subject of Plaintiff's motion. Defendants contend that Plaintiff's failure to provide a copy of the discovery requests at issue has inhibited their ability to respond to Plaintiff's motion, as such, they ask that it be stricken. Defendants attached a copy of Plaintiff's requests for production of documents, along with their responses, to their motion.

Local Rule 26.1(b)(3) provides that any discovery motion "shall have attached to it or the accompanying memorandum a copy of the actual discovery documents which are the subject of the motion or, in the alternative, set out in the memorandum a verbatim recitation of each

interrogatory, request, answer, response, and/or objection which is the subject of the motion." As Defendants point out, Plaintiff has failed to provide either a copy of the actual discovery documents or a verbatim recitation of each request and response. Moreover, the particular information Plaintiff seeks does not correlate with any of the requests to produce received by Defendants. As such, it is unclear what responses Plaintiff complains about. The Court, therefore, cannot effectively determine whether Plaintiff's motion to compel is meritorious. Accordingly, Plaintiff's Motion to Compel (Doc. 71) is **DENIED WITHOUT PREJUDICE**. Plaintiff is **ADVISED** that any further motions to compel must comply with Local Rule 26.1(b)(3). Defendant's Motion to Strike (Doc. 74) is **DENIED**.

## Motion for Extension of Time (Doc. 79)

In this Motion, Defendants seek an extension of time to complete discovery and, accordingly, an extension of time for the filing of dispositive motions. Counsel for Defendants avers that the request is brought in good faith and not for purposes of undue delay. For good cause shown, Defendants' Motion (Doc. 79) is **GRANTED**. The schedule is amended as follows:

1. Discovery shall be completed by **May 22, 2015**.
2. Dispositive motions shall be filed by **June 22, 2015**.

All other dates and deadlines, including the trial and final pre-trial conference, remain unchanged.

**IT IS SO ORDERED.**

**DATED: April 1, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**